COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-424-CV

3-T EXPLORATION, INC., JOE CREE,
 JOE E. APPELLANTS

CURTIS PRODUCTION CO., LTD., FISHER 

FAMILY PARTNERSHIP, 5-T PROPERTIES, LTD., 

WESLEY GREEN, LEONARD HUDSON 

DRILLING CO., HUECO GLORIOSO OIL CO., 

MCGAHA PROPERTIES, LTD., WILLIAMS 

PETROLEUM CO., INC., LYNE ENERGY 

PARTNERS, L.P., REDMON OIL COMPANY,

PROTECH MANAGEMENT CO., INC., AND 

OAK GROVE HOLDINGS, L.P.

V.

GREYFOX ENERGY PARTNERS LP,
 APPELLEES

AND TOM BURCHARD 

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants 3-T Exploration, Inc., Joe Cree, Joe E. Curtis Production Co., Ltd., Fisher Family Partnership, 5-T Properties, Ltd., Wesley Green, Leonard Hudson Drilling Co., Inc., Hueco Glorioso Oil Co., McGaha Properties, Ltd., Williams Petroleum Co., Inc., Lyne Energy Partners, L.P., Redmon Oil Company, Protech Management Co., Inc., and Oak Grove Holdings, L.P. attempt to appeal from the trial court’s interlocutory order releasing certain funds from the registry of the court to Appellees Greyfox Energy Partners, L.P. and Tom Burchard (“the order to release funds”).  In their notice of appeal, Appellants stated that the order to release funds is appealable under section 51.014(a)(4) of the civil practice and remedies code, which authorizes an interlocutory appeal from an order granting or refusing to grant a temporary injunction or overruling a motion to dissolve a temporary injunction.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 §
 51.014(a)(4) (Vernon Supp. 2006).  The order to release funds does none of those things.  

On November 21, 2006, we notified Appellants that this court was concerned that it lacked jurisdiction over this interlocutory appeal and stated that unless Appellants or any party desiring to continue the appeal filed with the court on or before December 1, 2006, a response showing grounds for continuing the appeal, we would dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a).

Appellants did not file a response in this appeal.  Instead, on November 22, 2006, Appellants filed a petition for writ of mandamus, requesting that we compel the trial court to vacate the order to release funds.
(footnote: 2)  In their petition, Appellants argued that the order to release funds was either the functional equivalent of a preliminary injunction and therefore appealable under section 51.014(a)(4) or, alternatively, was remediable only by writ of mandamus. 

Appellants cite no authority for the proposition that an order to release funds from the registry of the court is the same as a preliminary injunction, and our own research finds none.  The order to release funds did not prohibit or compel any action on Appellants’ part; rather, it simply instructed the district clerk to release to Appellees funds that Appellants had already tendered to the court’s registry.  
See
 
Tex. Loc. Gov’t Code Ann. § 
117.053(b) (Vernon 1999) (authorizing clerk to pay out registry funds on written order of the court in which the funds were deposited).  Nothing in the local government code, the civil practice and remedies code, or Texas case law suggests that such an order is subject to an interlocutory appeal.

Therefore, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R.

App. P
. 42.3(a), 43.2(f).

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DELIVERED:  January 25, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
We denied Appellants’ petition for writ of mandamus on November 27, 2006.